**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL PROTECTION, Petitioner**

v.

**Laura LEGERE and The Times–Tribune, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 22, 2012.

Decided July 31, 2012.

Reconsideration Denied Aug. 30, 2012.

Anne C. Shapiro, Williamsport, for petitioner.

Michael F. Cosgrove, Scranton, for respondents.

Dena Lefkowitz, Chief Counsel, and Charles Rees Brown, Senior Attorney, Harrisburg, for amicus curiae OOR.

BEFORE: McGINLEY, Judge and LEAVITT, Judge and COVEY, Judge.

OPINION BY Judge COVEY.

The Department of Environmental Protection (DEP) petitions for review of the Office of Open Records' (OOR) December 5, 2011 final determination, ordering DEP to release all responsive records requested by Laura Legere and The Times–Tribune (collectively, "Legere") under the Right–to–Know Law (RTKL)[1] within thirty days. DEP raises five issues for this Court's review: (1) whether the OOR erred when it concluded that Legere's request was sufficiently specific; (2) whether the OOR should have considered the burden on DEP to locate and produce the records when determining whether Legere's request was sufficiently specific; (3) whether the OOR erred in directing DEP to produce the records when DEP had produced evidence that it conducted a good faith search; (4) whether Section 705 of the RTKL[2] excuses DEP's obligation to produce the records; and (5) whether DEP provided sufficient evidentiary support to assert RTKL exemptions. We affirm.

On September 6, 2011, Legere submitted requests under the RTKL to three DEP regional offices, seeking:

All Act 223, Section 208 determination letters issued by the [DEP] since January 1, 2008, as well as the orders issued by [DEP] to well operators in relation to those determination letters, as described in Section 208 of the Oil and Gas Act. ('If [DEP] finds that the pollution or diminution was caused by the drilling, alteration or operation activities or if it presumes the well operator responsible for pollution pursuant to subsection (c), then it shall issue such orders to the well operator as are necessary to assure compliance with subsection (a)').

Reproduced Record (R.R.) at 6a.

On October 13, 2011, DEP's regional offices partially granted the requests, providing access to some responsive records[3] and denied the remainder of the requests, stating in part:

[Y]our request is denied in part because, as written, it is not sufficiently specific. Your request for [Section] 208 determination letters issued since January 1, 2008, and the orders issued by [DEP] to well operators in relation to those determination letters, fails to provide specific names, geographic locations, well or permit numbers, and/or complaint numbers. Absent this specific information, we have

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. 65 P.S. § 67.705.

3. The Northwest Regional Office conditioned production of its records upon the payment of a copying fee, which exceeded $100.00.

no systematic way to search for the records that you request.

Namely, our files are not maintained in such a fashion that allows us to look for *all* Section 208 determination letters and corresponding orders without having the specific information identified above. Consequently, we are unable to determine if other responsive records exist for the time period that you have requested.

. . . .

Additionally, some of the records that might potentially be included in your request may also be exempt under the RTKL, for reasons including, but not limited to: Section 708(b)(6)—personal identification information; Section 708(b)(17)—complainant and noncriminal-investigative information; Section 708(b)(1)(ii)—personal security information; Section 708(b)(10)(i)(A)—internal predecisional deliberations; and Section 708(b)(2, 3)—security information. Furthermore, records may also be exempt as privileged under the attorney-client privilege or attorney-client work product.

R.R. at 16a–17a. DEP's letters from the other two regional offices contained similar language.

By letter dated November 3, 2011, Legere appealed the three responses to the OOR. The OOR consolidated the appeals and permitted both parties to supplement the record. On November 17, 2011, DEP submitted a position statement and three notarized affidavits.[4] On December 5, 2011, the OOR issued its final determination, finding: (1) that Legere's appeal is denied with respect to the request from DEP's Northwest Regional Office, since Legere failed to pay the required copying fee[5] for the requested records; (2) that Legere's request was sufficiently specific; and (3) that DEP failed to establish that any exemption(s) or privilege protects the responsive records. Accordingly, the OOR ordered DEP to provide all responsive records to Legere within thirty days. DEP appealed to this Court.[6]

■ DEP first argues that the OOR erred when it concluded that Legere's request was sufficiently specific under Section 703 of the RTKL.[7] We disagree.

Section 703 of the RTKL provides in pertinent part: "A written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested. . . ." 65 P.S. § 67.703. Relying on *Mollick v. Township of Worcester*, 32 A.3d 859 (Pa.Cmwlth.2011), DEP asserts that Legere's request is overbroad and is "no different from a request for all emails or other types of correspondence related to a subject matter that does not limit the number of recipients by providing other identifiers." DEP Br. at 11. In *Mollick*, the requestor sought documents under the RTKL, from the Township of Worcester, including "(1) all emails between the Supervisors regarding any Township business and/or activities for the past one and five years; and (2) all emails

---

4. The affidavits contain descriptions of the manner in which DEP stores its records and actions it took to ascertain the existence of the requested documents. The affidavits also include assertions that the requested documents will be burdensome to produce.

5. *See,* Section 1307(h) of the RTKL, 65 P.S. § 67.1307(h).

6. "When reviewing a determination of the OOR we independently review the determination and may substitute our own findings of fact for that of the agency. Our scope of review is plenary." *Hodges v. Dep't of Health*, 29 A.3d 1190, 1192 n. 6 (Pa.Cmwlth.2011).

7. 65 P.S. § 67.703.

between the Supervisors and the Township employees regarding any Township business and/or activities for the past one and five years." *Mollick*, 32 A.3d at 871. In finding that the request was insufficiently specific, this Court stated:

> Requestor fails to specify what category or type of Township business or activity for which he is seeking information.... While the purpose of the RTKL is to provide access to public records in order to prohibit secrets, allow the public to scrutinize the actions of public officials, and make public officials accountable for their actions, it would place an unreasonable burden on an agency to examine all its emails for an extended time period without knowing, with sufficient specificity, what Township business or activity the request is related.

*Mollick*, 32 A.3d at 871 (citations omitted). Similarly, in *Pennsylvania State Police v. Office of Open Records*, 995 A.2d 515 (Pa. Cmwlth.2010), a request was made for "[a]ny and all records, files, or manual(s), communication(s) of any kind, that explain, instruct, and or require officer(s) and Trooper(s) to follow when stopping a Motor Vehicle, pertaining to subsequent search(es) of that Vehicle, and the seizures of any property, reason(s) therefore (sic) taking property." *Id.*, 995 A.2d at 515–16 (emphasis omitted). There, this Court stated:

we do not agree with the OOR that all of the information requested in this case was insufficiently specific. The OOR determined that the request was insufficiently specific by reasoning that 'conceivably' the request could be read to ask for any and all materials regarding any and all types of seizure. In context, it is clear that the phrase 'and the seizure of any property' refers only to property seized from a vehicle following a stop and search of that vehicle and is, thus, not overbroad. What is overbroad, though, is the first clause of the request, which begins, 'Any and all records, files, or manual(s), communication(s) of any kind....' The portion of the request seeking any and all records, files or communications is insufficiently specific for the PSP to respond to the request. However, the request for 'manual(s)' relating to vehicle stops, searches and seizures is specific and does provide a basis for the PSP to respond.

*Id.*, 995 A.2d at 516–17 (citation omitted).

The request in this case is clearly distinguishable from the requests found to be insufficiently specific in *Mollick* and *Pennsylvania State Police*. In the aforementioned cases, the requests required files to be reviewed and judgments made as to the *relation* of the documents to the specific request. In the instant matter, however, specific types of documents have been requested—documents that are created by DEP pursuant to statute.[8] Legere has

8. Act of December 19, 1984, P.L. 1140, *as amended*, 58 P.S. § 601.208, repealed by the Act of February 14, 2012, P.L. 87. Section 208 of the former act provided, in relevant part:

(a) Any well operator who affects a public or private water supply by pollution or diminution shall restore or replace the affected supply with an alternate source of water adequate in quantity or quality for the purposes served by the supply.

(b) Any landowner or water purveyor suffering pollution or diminution of a water supply as a result of the drilling, alteration or operation of an oil or gas well may so notify [DEP] and request that an investigation be conducted. Within ten days of such notification, [DEP] shall investigate any such claim and shall, within 45 days following notification, make a determination. If [DEP] finds that the pollution or diminution was caused by the drilling, alteration or operation activities or if it presumes the well operator responsible for pollution pursuant to subsection (c), then it shall issue

requested a clearly-defined universe of documents. There are no judgments to be made as to whether the documents are "related" to the request. The documents either are or are not Section 208 determination letters. The documents either are or are not orders issued by DEP arising from Section 208 determination letters. Legere's request was clearly sufficiently specific, given that DEP provided some of the responsive records. *See Easton Area Sch. Dist. v. Baxter,* 35 A.3d 1259 (Pa. Cmwlth.2012). The fact that Legere is requesting copies of "all" of these ascertainable letters and orders, does not render her request insufficiently specific. Accordingly, the OOR properly concluded that Legere's request was sufficiently specific.

■ DEP next argues that the OOR should have considered the burden on DEP when determining whether Legere's request was insufficiently specific, that responding to Legere's request would be extremely burdensome and, thus, her request should be deemed overbroad. We disagree.

■ The fact that a request is burdensome does not deem it overbroad, although it may be considered as a factor in such a determination. *See, e.g., Easton Area Sch. Dist.* In the instant matter, Legere's request is not overbroad, but instead seeks a clearly delineated group of documents. In fact, the burden on DEP comes not from some vast array of documents requested by Legere, but from DEP's method of tracking its records. The RTKL permits a requestor to request and obtain public records, subject to claims of exemption. A requestor cannot control how

an agency catalogues or organizes such files. As such, an agency's failure to maintain the files in a way necessary to meet its obligations under the RTKL should not be held against the requestor. To so hold would permit an agency to avoid its obligations under the RTKL simply by failing to orderly maintain its records. The fact that DEP does not catalogue or otherwise organize Section 208 determination letters or corresponding orders in a way that permits them to be easily located, does not render the request overbroad. Accordingly, we hold that the burden imposed by Legere's request does not render the request insufficiently specific.

DEP next argues that Section 901 of the RTKL [9] merely requires it to conduct a good faith search for the documents requested, and that the OOR erred when it disregarded DEP's affidavits and ordered DEP to produce the requested documents. We disagree.

Section 901 of the RTKL requires an agency to "make a good faith effort to determine if the record requested is a public record ... and whether the agency has possession, custody or control of the identified record, and to respond as promptly as possible under the circumstances existing at the time of the request." 65 P.S. § 67.901. However, here the issue is *not* whether the records at issue are public records, or whether DEP has "possession, custody or control of the ... records," because the documents requested are *DEP's own determinations and orders. Id.* Instead, the issue is *where* within DEP those determination letters and orders may be found. DEP's

---

such orders to the well operator as are necessary to assure compliance with subsection (a). Such orders may include orders requiring the temporary replacement of a water supply where it is determined

that the pollution or diminution may be of limited duration.
58 P.S. § 601.208.

**9.** 65 P.S. § 67.901.

**266**

affidavits indicate that it used various methods to attempt to locate the Section 208 determination letters and orders. Those steps included using DEP's database system and utilizing "institutional memory." Notably, DEP's steps did *not* include an actual physical search of its files.

■■■ Section 301(a) of the RTKL provides that "[a] Commonwealth Agency *shall* provide public records in accordance with this act." 65 P.S. § 67.301(a) (emphasis added). There is simply nothing in the RTKL that authorizes an agency to refuse to search for and produce documents based on the contention it would be too burdensome to do so.[10] Recently, in considering the potential burden the RTKL places upon an agency, this Court stated:

> this Court may not disregard the plain language of a statute for the reason that it is burdensome. In *Koken v. Reliance Insurance Company*, 586 Pa. 269, 290, 893 A.2d 70, 82 (2006), the appellant argued that a particular reading of a statute would 'lead to a harsh or draconian result' which was 'in conflict with the spirit of the statute.' The Pennsylvania Supreme Court rejected this argument, explaining that '[w]here it is unambiguous, the plain language controls, and it cannot be ignored in pursuit of the statute's alleged contrary spirit or purpose.' *Id.* We must not presume a result that is absurd, impossible of execution or unreasonable. 1 Pa.C.S. § 1922(1) (stating '[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.')

*Pennsylvania Gaming Control Bd. v. Office of Open Records*, 48 A.3d 503, 511 (Pa.Cmwlth.2012). Because the requested Section 208 determination letters and related orders do exist, and are within the possession of DEP, absent an exemption, they must be produced. Accordingly, we conclude that the OOR did not err when it ordered the records to be produced despite DEP's affidavits.

Next, DEP argues that Legere's request would require DEP to compile and organize documents in a manner not ordinarily done by DEP or require DEP to conduct research to find the documents contrary to the intent of the General Assembly. DEP asserts, "[g]ranting Legere's RTKL request would, in effect, force [DEP] to act as her agent, and recompile and reorganize its files in accordance with her purpose, not [DEP's]." DEP Br. at 20. We disagree.

■■■ Section 705 of the RTKL provides, "[w]hen responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record." 65 P.S. § 67.705. Legere is not seeking records that do not exist. Nor is she attempting to require DEP to compile, maintain, format or organize the documents other than the manner in which they are currently maintained. She is not seeking a summary of the records. She is not requesting that they be formatted in a particular way. She is merely seeking the documents themselves. The purpose of the RTKL is "to promote access to official

---

**10.** Section 506(a)(1) of the RTKL, entitled "Disruptive Requests," provides: "An agency may deny a requester access to a record if the requester has made *repeated requests for that same record* and *the repeated requests have* *placed an unreasonable burden* on the agency." 65 P.S. § 67.506(a)(1) (emphasis added). However, that is not the situation in the instant case.

government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions. . . ." *Bowling v. Office of Open Records,* 990 A.2d 813, 824 (Pa.Cmwlth.2010), *appeal granted in part,* 609 Pa. 265, 15 A.3d 427 (2011). Given that purpose, it cannot be inferred from Section 705 of the RTKL that the General Assembly intended to permit an agency to avoid disclosing existing public records by claiming, in the absence of a detailed search, that it does not know where the documents are, and that to require the agency to locate and produce them would implicate Section 705 of the RTKL. Thus, we find DEP's argument to be without merit. Accordingly, Section 705 of the RTKL does not excuse DEP's obligation to produce the records.

Finally, DEP argues the OOR erred when it concluded that DEP failed to offer evidence supporting its claims of exemption, despite having provided some of the responsive records to Legere, and having discerned the possible justifications for withholding access to responsive records at that time. We disagree.

This Court has held:

agencies as a normal practice should raise all objections to access when the request is made *if the reason for denying access can be reasonably discerned when the request is made.* Otherwise, review will be piecemeal, and the purpose of the RTKL in allowing access to public records in a timely manner will be frustrated.

*Pennsylvania State Police,* 995 A.2d at 517 (emphasis added).

DEP asserts in its brief that it is not possible to discern reasons for denying access to the records and to provide evidence in support thereof without reviewing the particular documents at issue. Thus, DEP claims that it should still be able to assert the exemptions to particular records if they apply.

[DEP] is aware of the general nature of a Section 208 determination letter; however, each set of circumstances that a letter discusses and evaluates is unique as is the author's approach who drafts it. It would be impossible for [DEP] to know the myriad of circumstances involving all potentially impacted water supplies and all individuals and well operators as to what would be excepted under the RTKL. A Section 208 determination letter is not a form letter with blanks that are simply filled in. It includes a tailored analysis of an individual set of circumstances and draws a conclusion based upon that analysis. The investigation, testing, parties involved and consequential impact vary from case to case.

DEP Br. at 21–22.

As noted by the OOR in its final determination, DEP has direct knowledge of the information contained in the Section 208 determination letters and related orders. No evidence was offered to support the application of the exemptions under the RTKL. It should be noted that had DEP undertaken the search that it was required to perform to meet its obligations under the RTKL, it would have located the required records and would have been able to discern any applicable exemptions related to the specific records located at that time. We will not reward DEP's failure to timely adhere to the RTKL by granting it yet another opportunity to impede access to the records. Accordingly, the OOR properly concluded that DEP failed to offer evidence supporting its claims of exemption.

For the aforementioned reasons, the OOR's order is affirmed.

## ORDER

AND NOW, this 31st day of July, 2012, the Office of Open Records' December 5, 2011 order is affirmed.