IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Corrections,           :
               Petitioner       :
                           :   No.  556 C.D. 2015
                           :
              v.              :
                           :   Submitted:  August 28, 2015
Amanda St. Hilaire and        :
ABC 27 News,              :
               Respondents   :


BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE McCULLOUGH                  FILED:  November 25, 2015


       The Department of Corrections (DOC) petitions for review from the March 17, 2015 final determination of the Office of Open Records (OOR), granting in part and dismissing as moot in part the request of Amanda St. Hilaire (Requestor) under the Right-to-Know Law (RTKL).[1]

       On December 8, 2014, Requestor, a reporter with ABC27 News, filed a request with DOC seeking "all records that document inmate injuries/deaths from January 2009 through December 2014.  I would also like all records that document employee injuries/deaths while on the job from January 2009 through December 2014."  (Reproduced Record (R.R.) at 1.)[2]  After invoking a thirty-day extension, on

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

[2] DOC's reproduced record does not include the lower case "a" as required by Pa.R.A.P. 2173.

January 12, 2015, DOC's open records officer provided a substantive response, granting in part and denying in part the request. DOC granted the request insofar as it requested records documenting inmate deaths during the specified time period, but redacted the cause of death on the basis of the medical records exemption found in section 708(b)(5) of the RTKL, 65 P.S. §67.708(b)(5). However, DOC denied the remainder of Requestor's request. Regarding inmate injuries, DOC alleged that the request was insufficiently specific under section 703 of the RTKL, 65 P.S. §67.703. (R.R. at 4.) DOC further denied this request on the basis of several exemptions, including the personal security exemption under section 708(b)(1)(ii) of the RTKL, 65 P.S. §67.708(b)(1)(ii); the law enforcement/public safety exemption under section 708(b)(2) of the RTKL, 65 P.S. §67.708(b)(2); the criminal investigation exemption under section 708(b)(16) of the RTKL, 65 P.S. §67.708(b)(16); the noncriminal investigation exemption under section 708(b)(17) of the RTKL, 65 P.S. §67.708(b)(17); and the medical records exemption under section 708(b)(5) of the RTKL.

To the extent that Requestor sought records relating to employee deaths, DOC alleged that such records did not exist and that it did not have a duty to create the same consistent with section 705 of the RTKL, 65 P.S. §67.705.[3] Regarding employee injuries, DOC again alleged insufficient specificity under section 703 of the RTKL. DOC also alleged that personnel records are not public records under the RTKL. DOC further denied this request on the basis of the exemptions identified above.

---

[3] Section 705 provides that "[w]hen responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record."

2

Requestor appealed to the OOR. Requestor alleged that her request was sufficiently specific as it set forth "specific dates and record qualifications." (R.R. at 32.) Requestor noted that, to the extent her request was granted, DOC redacted the cause of death but did not redact the names of the inmates. Inasmuch as her request sought documentation of the actual injuries and deaths, Requestor averred that redacting the names and listing the nature of the injuries/deaths would have been more responsive and would not have compromised any patient privacy concerns. Requestor noted that DOC relied upon the medical records exemption in redacting the cause of death, but asserted that simply providing the cause of death "does not disclose individually identifiable health information." *Id.* Requestor further asserted that cause of death does not fall under the categories sought to be protected by the medical records exemption, such as "prescription, evaluation, diagnosis or treatment, drug tests, enrollment in health care programs or vocation rehabilitation." *Id.*

DOC thereafter submitted correspondence to the OOR, noting that under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 18, 26, 29 and 42 U.S.C.), it was precluded from providing identifiable medical information about an inmate, but could provide "de-identified health information." (R.R. at 38, 41.) DOC also submitted declarations from Andrew Filkosky, DOC's open records officer, and Christopher Oppman, the director of DOC's Bureau of Health Care Services. Filkosky stated that, upon review of Requestor's appeal, he generated a record which redacted everything but the inmates' cause of death and reordered the names such that the newly redacted record could not be compared to the previously redacted record. A copy of this newly-redacted record was attached as an exhibit to

3

DOC's correspondence. Filkosky also noted that there had been no employee deaths on the job during the Requestor's specified time period.

Oppman stated that his office maintains a medical file for each inmate but it does not have a tracking system for injured inmates. Oppman noted that his office does maintain a list of inmate deaths, which includes, *inter alia*, an inmate's name, date of death, and the name of the institution where the death occurred. Oppman also noted that his office does not maintain a list documenting employee injuries. Oppman stated that, if an employee is injured on the job and evaluated by on-site medical personnel, a notation would be made in a medical file for that individual employee. Oppman further noted that a review of every inmate and employee medical file to determine the number of injuries sustained in a specific time period would be unduly burdensome.

OOR thereafter requested additional information regarding DOC's record-keeping procedures with respect to inmate injuries. In response, Oppman submitted an additional declaration stating that inmate medical records are maintained primarily in paper format, with some information, such as medication order and delivery and consultations and clinics, maintained in electronic format. Oppman stressed that neither the medication order and delivery tracking system, known as "e-Sapphire," nor the consultation and clinic tracking system, known as "P-Trax," contain information about inmate injuries. (R.R. at 76.) Oppman also stated that his office maintains inmate medical incident/injury reports by month and year in paper format that are separate from inmate medical records.

Oppman noted that compiling a list of injuries from these reports would be time consuming because each month's file would need to be reviewed. Oppman also stated that these reports do not always document inmate injuries, explaining that

4

a report is created each time an inmate is extracted from a cell, even if the inmate is not injured. Oppman acknowledged that, in the course of reviewing the OOR's request for additional information, he learned that DOC's Office of Human Resources maintains a database for employees injured on the job. DOC attached a list of injured employees compiled from this database to its correspondence.

By final determination dated March 17, 2015, the OOR granted in part and dismissed as moot in part Requestor's appeal. The OOR noted that, given the additional documentation submitted by DOC, Requestor's request for information relating to the cause of inmate deaths was moot. The OOR also noted that because Requestor only appealed DOC's denial of documentation with respect to inmate deaths and injuries, she waived any challenge with respect to the denial of documentation relating to employee deaths and injuries. The OOR granted Requestor's appeal insofar as she requested documentation relating to inmate injuries, noting that the medical incident/injury reports maintained by DOC could be de-identified and, hence, were not subject to the protections of either section 708(b)(5) of the RTKL, the medical records exemption, or HIPAA. The OOR rejected DOC's argument that responding to this request would be burdensome, noting that the burden on DOC "does not come from the number of records requested, but from how the records are organized and maintained." (R.R. at 85.) The OOR directed DOC to provide the responsive records relating to inmate injuries within thirty days.

DOC thereafter filed a petition for reconsideration with the OOR, asserting that the medical incident/injury reports constituted an exempt medical record under section 708(b)(5) of the RTKL. DOC noted that records that are exempt under section 708 are not considered public records and, hence, are not subject to the redaction requirement of section 706 of the RTKL, 65 P.S. §67.706, which only

applies to public records that contain information not subject to access. DOC also included a prior case wherein the OOR, without a declaration from DOC, found DOC's medical incident/injury report to be exempt from public access under section 708(b)(5). *See Davila v. Pennsylvania Department of Corrections*, OOR Dkt. AP 2009-0656, 2009 Pa. O.O.R.D. Lexis 86 (filed August 12, 2009). DOC also included a blank medical incident/injury report form to show that it includes medical information relating to the particular inmate, including areas describing an initial impression of the illness/injury, the type of injury, and the treatment rendered. Finally, DOC noted that the OOR had not ruled on its allegation that Requestor's request was not sufficiently specific. However, the OOR denied DOC's petition.

## Discussion

On appeal,[4] DOC argues that the OOR erred as a matter of law in failing to conclude that Requestor's request was not sufficiently specific because the request seeks "all" records and the OOR's final determination would require DOC to review thousands of reports and make judgments as to whether an inmate injury exists. We disagree.

### Sufficient Specificity

The RTKL addresses written requests for records in section 703 as follows:

---

[4] In a RTKL appeal involving a Commonwealth agency, this Court has the discretion to rely upon the record created below or to create its own. *Department of Labor & Industry v. Heltzel*, 90 A.3d 823 (Pa. Cmwlth. 2014) (en banc); *see also Bowling v. Office of Open Records*, 990 A.2d 813 (Pa. Cmwlth. 2010) (en banc), *affirmed*, 75 A.3d 453 (Pa. 2013).

> A written request for access to records may be submitted in person, by mail, by e-mail, by facsimile or, to the extent provided by agency rules, by any other electronic means. A written request must be addressed to the open-records officer designated pursuant to section 502. Employees of an agency shall be directed to forward requests for records to the open-records officer. *A written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested* and shall include the name and address to which the agency should address its response. A written request need not include any explanation of the requestor's reason for requesting or intended use of the records unless otherwise required by law.

65 P.S. §67.703 (emphasis added). Hence, in pertinent part, the RTKL provides that a "written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested." *Id.* To determine whether section 703 is satisfied, "the specificity of a request must be construed in the request's context, rather than envisioning everything the request might conceivably encompass." *Montgomery County v. Iverson*, 50 A.3d 281, 283 (Pa. Cmwlth. 2012) (en banc). The central question in evaluating the adequacy of a request is whether the request "sufficiently informs an agency of the records requested." *Id.* at 284 n.4.

DOC contends that that Requestor's request was not sufficiently specific because it sought "all records" of inmate injuries and would require DOC to "guess at [the records that would satisfy] the request." (DOC Brief at 9-10.) Indeed, this Court has previously held that a request seeking "all" records regarding any "business and/or activities for the past one and five years" was insufficiently specific. *Mollick v. Township of Worcester*, 32 A.3d 859, 871 (Pa. Cmwlth. 2011). In *Mollick*, the requestor sought "(1) all emails between the Supervisors regarding any Township

7

business and/or activities for the past one and five years; and (2) all emails between the Supervisors and the Township employees regarding any Township business and/or activities for the past one and five years." *Id.* The OOR found this request sufficiently specific under section 703, but directed the township to provide a sampling of the requested emails "to enable the requestor to craft a specific request more limited in type, subject-matter, time-frame and scope." *Id.* at 870.

The common pleas court held that the OOR erred because the request was overbroad and vague and the OOR had no authority to unilaterally narrow the scope of a request. This Court affirmed, noting that the requestor failed "to specify what category or type of Township business or activity for which he is seeking information" and that the request "would place an unreasonable burden on an agency to examine all its emails for an extended time period without knowing, with sufficient specificity, what Township business or activity the request is related." *Id.* at 871.

However, we distinguished *Mollick* in *Department of Environmental Protection v. Legere*, 50 A.3d 260 (Pa. Cmwlth. 2012). In *Legere*, the requestor sought "[a]ll Act 223, Section 208 determination letters issued by the Department of Environmental Protection [DEP] since January 1, 2008, as well as the orders issued by [DEP] to well operators in relation to those determination letters, as described in Section 208 of the Oil and Gas Act." *Id.* at 262. DEP partially granted the request and provided some responsive records, but denied the remainder of the request as insufficiently specific because it did not identify specific names, geographic locations, well or permit numbers, or complaint numbers. The OOR held that the request was sufficiently specific and directed DEP to provide all responsive records within thirty days. This Court affirmed the OOR's final determination. We began by reviewing *Mollick*. We noted that the request in *Mollick* was "clearly

8

distinguishable" and required "files to be reviewed and judgments made as to the *relation* of the documents to the specific request." *Legere*, 50 A.3d at 264 (emphasis in original). To the contrary, we held that the request to DEP was for "a clearly-defined universe of documents. There are no judgments to be made as to whether the documents are 'related' to the request." *Id.* at 265.

The present case is similar to *Legere* in that Requestor here sought a clearly-defined set of documents, i.e., records that document inmate injuries, a specific subject, for the period from January 2009 through December 2014, a specific time period. Contrary to DOC's argument, this request does not require that DOC "guess at the request." (DOC's Brief at 10.) While DOC correctly notes that Requestor did not state that the request was for de-identified information regarding inmate injuries, the lack of this language does not cause the request to lack specificity. Requestor merely sought records documenting inmate injuries/deaths during a limited time period, she did not seek any medical records or any other "individually identifiable health information" exempted by section 708(b)(5) of the RTKL.

Additionally, DOC's assertions of insufficient specificity are belied by Oppman's declarations, wherein he first stated that inmate injury information could be located in an inmate's individual medical file, and later stated that DOC maintains medical incident/injury reports at each correctional institution, separate from an inmate's individual medical file, arranged by month and year. To the extent that DOC asserts that these reports "will not accurately reflect inmate injuries" because a report is "often generated where no injury is alleged," DOC's Brief at 11, we note that, in such a case, the report would not be responsive to Requestor's request.

Further, DOC contends that responding to Requestor's request will be burdensome and require it to review every medical incident/injury report to determine whether the report identifies an inmate injury or not. However, this Court in *Legere* stated that "[t]he fact that a request is burdensome does not deem it overbroad, although it may be considered as a factor in such a determination." *Id.* at 265. We reiterated that Requestor's request sought "a clearly delineated group of documents" and stressed that "[t]he fact that DEP does not catalogue or otherwise organize Section 208 determination letters or corresponding orders in a way that permits them to be easily located, does not render the request overbroad." *Id.*

As the OOR noted, similar to *Legere*, the burden on DOC "does not come from the number of records requested, but from how the records are organized and maintained." (R.R. at 85.) Indeed, we noted in *Legere* that "[a] requestor cannot control how an agency catalogues or organizes such files. As such, an agency's failure to maintain the files in a way necessary to meet its obligations under the RTKL should not be held against the requestor. To so hold would permit an agency to avoid its obligations under the RTKL simply by failing to orderly maintain its records." *Id.*

**Medical Records Exemption**

Next, DOC argues that the OOR erred as a matter of law in failing to conclude that the medical incident/injury reports were not exempt records under section 708(b)(5) of the RTKL. Again, we disagree.

Section 305(a) of the RTKL provides that "[a] record in the possession of a Commonwealth agency is presumed to be a public record," unless "(1) the record is exempt under section 708; (2) the record is protected by a privilege; or (3) the record is exempt from disclosure under any other Federal or State law or regulation or

10

judicial order or decree." 65 P.S. §67.305(a). Section 708(a)(1) of the RTKL, 65 P.S. §67.708(a)(1), imposes the burden on the Commonwealth agency to prove that a record is exempt from public access. Section 708(b)(5) specifically exempts the following:

> A record of an individual's medical, psychiatric or psychological history or disability status, including an evaluation, consultation, prescription, diagnosis or treatment; results of tests, including drug tests; enrollment in a health care program or program designed for participation by persons with disabilities, including vocation rehabilitation, workers' compensation and unemployment compensation; or related information that would disclose individually identifiable health information.

65 P.S. §67.708(b)(5). If a record is exempt, it is not a public record and, thus, need not be redacted in accordance with section 706 of the RTKL.[5] *Heavens v.*

---

[5] Section 706 states that:

> If an agency determines that a public record, legislative record or financial record contains information which is subject to access as well as information which is not subject to access, the agency's response shall grant access to the information which is subject to access and deny access to the information which is not subject to access. If the information which is not subject to access is an integral part of the public record, legislative record or financial record and cannot be separated, the agency shall redact from the record the information which is not subject to access, and the response shall grant access to the information which is subject to access. The agency may not deny access to the record if the information which is not subject to access is able to be redacted. Information which an agency redacts in accordance with this subsection shall be deemed a denial under Chapter 9.

65 P.S. §67.706.

11

*Pennsylvania Department of Environmental Protection*, 65 A.3d 1069, 1077 (Pa. Cmwlth. 2013) (records that are exempt under section 708 are not public records and are not subject to the redaction requirement contained in section 706).

While DOC notes that the medical incident/injury reports may contain medical information, that possibility does not transform the reports into exempt medical records. Indeed, Oppman stated in his second declaration that DOC maintains these reports separate from an inmate's medical file and that if an inmate receives clinical treatment as a result of an incident/injury, the treatment is documented in the inmate's individual medical file. Oppman further stated that the reports are generated not only to record inmate injuries, but also for other purposes, including documenting inmate cell extractions even where no injury is claimed. Additionally, Requestor only sought non-identifiable injury information; she did not seek medical records, the identity of inmates, or any other identifiable health information. As the OOR noted, to the extent that the reports do contain such information, they can be redacted/de-identified in accordance with section 706 of the RTKL.

Accordingly, because Requestor's RTKL request was sufficiently specific and the responsive records, namely the medical incident/injury reports, were not exempt under section 708(b)(5) of the RTKL, the final determination of the OOR is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Corrections,         :
         Petitioner        :
                             :  No.  556 C.D. 2015
        v.            :
                             :
Amanda St. Hilaire and        :
ABC 27 News,                :
         Respondents    :

## *ORDER*

AND NOW, this 25th day of November, 2015, the final determination of the Office of Open Records, dated March 17, 2015, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge