**[J-93-2016][M.O. – Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| PENNSYLVANIA STATE POLICE, | : | No. 25 MAP 2016 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court dated 7/7/15 at |
| | : | No. 1146 CD 2014 affirming in part, |
| v. | : | reversing in part and remanding in part |
| | : | the Final Determination of the Office of |
| | : | Open Records at No. AP 2014-0828 |
| | : | dated 6/17/14 |
| MICHELLE GROVE, | : | |
| | : | |
| Appellee | : | ARGUED:  September 14, 2016 |

**CONCURRING AND DISSENTING OPINION**

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  June 20, 2017**

I agree with Justice Mundy that the majority's approach to public access to MVRs under the Right-to-Know Law departs from the statutory prescription that disclosure is not required of records "*relating to* . . . a criminal investigation."  65 P.S. §67.708(b)(16) (emphasis added).  While the majority stresses the policy of public access underlying the RTKL, this Court has previously recognized that such policies are tempered, throughout the enactment, by explicit boundaries.  *See Dental Benefit Providers, Inc. v. Eiseman*, 633 Pa. 205, 220, 124 A.3d 1214, 1223 (2015).  Here -- presumably upon the consideration that criminal investigations can involve sensitive personal interests of citizens, including witnesses who are not suspected of criminal conduct[1] -- the

---

[1] *Cf.* Harvard Law Review Ass'n, *Considering Police Body Cameras*, 128 HARV. L. REV. 1794, 1808 (2015) ("[I]ncreasing transparency necessarily means more people will view (continued…)

Legislature chose a broad "related to" nexus, which I believe should be given effect in the judicial interpretative exercise.[2]

There is another aspect to this case developed by the Pennsylvania State Police but not squarely addressed by the majority. In this regard, the provision of the RTKL requiring redaction pertains only to materials which are a "public record, legislative record or financial record" in the first instance. 65 P.S. §67.706. Under the plain terms of the RTKL and prevailing Commonwealth Court precedent, however, records that are excepted from disclosure under Section 708 simply are not "public records" and, therefore, do not meet the criteria for mandatory redaction (unless they qualify as legislative or financial records, considerations which are not presently in issue). *See id.* §67.102 (defining "public record" as records that, among other features, are "not exempt under section 708"); *Saunders v. DOC*, 48 A.3d 540, 543 (Pa. Cmwlth. 2012) ("Pursuant

---

(…continued)
body-camera footage, which will frequently feature civilians who may not want the recordings of themselves shared.").

[2] As I read the State Police's brief, it is consistent with the above, and I believe that the majority is inaccurate in asserting that the agency seeks a bright-line rule that there can be no mandatory disclosure of any MVR under the RTKL. *Compare* Majority Opinion, *slip. op.* at 28 (indicating that the State Police argue that MVRs "always contain criminal investigative material"), *with* Brief for the State Police at 13-14 ("[T]he uncontroverted evidence . . . demonstrates that there is not a one-size-fits-all solution to whether a MVR is a public record. . . . [E]ach individual MVR . . . must be evaluated on its own merits to determine whether it is related to a criminal investigation . . ..").

Parenthetically, I note that some other state legislatures have provided a more stringent litmus in order for the government to meet its burden to support non-disclosure of records. For example, the Ohio statute requires, to justify application of the corollary criminal investigation exception, a demonstration that release would create a high probability of disclosure of, *inter alia*, specific confidential or investigatory information. *See* OHIO REV. CODE ANN. §149.43(A)(2). The Pennsylvania General Assembly, by contrast, has imposed a requirement of mere relation to a criminal investigation.

to Section 706, the redaction requirement only applies to records that are determined to be 'public records.'").

From my point of view, this definitional aspect raises conceptual difficulties, since one can imagine many records which might relate to a criminal investigation (or another category of the Section 708 exceptions) in some fashion, but may be readily separable from other self-contained information of a type that the Legislature designed to be accessible. Nevertheless, I find the language of the statute to be plain. *See* 1 Pa.C.S. §1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").[3] Moreover, the status of records excepted under Section 708 as non-public records not subject to mandatory redaction is embodied in prevailing precedent of the Commonwealth Court that is not confronted in Appellee's advocacy, and, indeed, in some respects appears to be supported in her brief. *See, e.g.*, Brief for Appellee at 7 (referring to Section 708 exceptions as "exemptions *from the definition of a public record*" (emphasis added)). Thus, I find this case to be a poor vehicle in which to consider overturning the prevailing precedent of the intermediate court.

---

[3] Given the conceptual issue, it is possible that this Court might approve a test or tests to distinguish between records that squarely fall within an exception category and those that might merely contain collateral information of a variety implicated by the exceptions. *See, e.g.*, *DOC v. St. Hilaire*, 128 A.3d 859, 866 (Pa. Cmwlth. 2015) (explaining that, although inmate injury reports may contain exempt medical information, such a possibility did not transform the reports into exempt medical records and, thus, the reports were subject to redaction in accord with Section 706). In view of the very disparate framing of the many discrete exemptions in Section 708, however, it appears to me that it would be very difficult to fashion a cohesive test across the various subsections.

In any event, as developed below, I find it to be sufficiently established that the MVRs in this case contain substantial criminal investigative material so as to meet the Section 708(b)(16) exception for such records.

Important to the present case, the Commonwealth Court determined, adverse to Appellee's position, that witness interviews recorded in the MVRs comprised a criminal investigation, such that portions of the audio recording were excepted from disclosure. *See PSP v. Grove*, 119 A.3d 1102, 1110 (Pa. Cmwlth. 2015). Given that Appellee was aggrieved by this holding but did not seek to appeal, from my point of view, the ruling is binding.

I conclude that this holding resolves the "relating to" question, since it is self-evident that audio and video recordings depicting a criminal investigation *relate to* that investigation. *Accord* Concurring and Dissenting Opinion, *slip op.* at 5 (Mundy, J.) ("Having accepted that [the troopers] engaged in a criminal investigation upon arriving at the scene of the accident, the MVRs' record of the steps the officers took, the persons they spoke with, and the state of the scene they encountered became a record related to that investigation."). In this regard, I find the effort to detangle or decouple audio and video representations of a criminal investigation to be unwarranted, particularly since, as the State Police emphasize, the Legislature explicitly contemplated that "videos" fall within the protection of the criminal-investigation exception. 65 P.S. §67.708(b)(16)(ii).[4]

I appreciate that the use of recording devices on police vehicles, and on the persons of officers for that matter, offers a potent means for advancing transparency and accountability. It also raises countervailing concerns, including potential compromises of privacy and law enforcement investigations. In my view, the appropriate balance among such important interests is a matter most closely suited to determination by the political branch, which, for the present at least, has designed a

---

[4] I also take a similar view with respect to the application of the Criminal History Record Information Act. *See* 18 Pa.C.S. §§9101-9183.

broad criminal-investigations exception to public access extending to MVRs and has not provided for redaction of non-public records such as those exempted under Section 708.

Given that I do not support the majority's disclosure mandate, I respectfully dissent relative to such holding.