IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philip Jensen,                        :
               Petitioner       :
                       :
         v.                  :
                       :
Pennsylvania Department of       :
Corrections (Office of Open Records),   :   No. 317 C.D. 2023
               Respondent    :   Submitted: February 6, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: March 5, 2024

Philip Jensen (Jensen), pro se, petitions this Court for review of the Office of Open Records' (OOR) March 17, 2023 Final Determination (Final Determination) denying and dismissing Jensen's appeal from the Pennsylvania Department of Corrections' (Department) denial of his Right-to-Know Law (RTKL)[1] request (Request). Jensen presents three issues for this Court's review: (1) whether the OOR erred and denied Jensen due process by relying on the Department's response and affidavit without affording Jensen an opportunity to respond; (2) whether the OOR erred by crediting and relying on the Department's conclusory and generalized affidavit and failing to inquire who in the Commonwealth of Pennsylvania (Commonwealth) would have responsive records; and (3) whether the OOR erred by failing to find that the Department acted in bad faith, and denying the Request based on the Department's representations that it

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

contacted a source that would not possess such records. After review, this Court affirms.

Jensen is an inmate at the State Correctional Institution at Houtzdale. On January 20, 2023, the Department received the Request seeking, in pertinent part, "[a]ll line entr[ies]/financial ledger[s] of December, 2021 'custodial account' [for] resources of the [Department] for prison inmates." Certified Record (C.R.) Item 1, OOR Exhibit 1, at 9. Jensen attached relevant portions of the Commonwealth's Comprehensive Annual Financial Report For the Fiscal Year Ended June 30, 2020 (Financial Report), which describes "[t]he [c]ustodial [a]ccounts" as "a custodial fund [that] represents the combined resources held by the [Department] for prison inmates[.]" C.R. Item 1 at 11. On January 24, 2023,[2] the Department denied the Request pursuant to Section 703 of the RTKL, 65 P.S. § 67.703, on the basis that the Request lacked required specificity.

On February 13, 2023, Jensen appealed from the Department's denial to the OOR arguing that the Request was sufficiently specific. Jensen referenced his research, attached an excerpt from the Financial Report, and argued that records responsive to the Request should exist. Further, Jensen argued that the Department acted in bad faith by denying his Request.

By February 23, 2023 correspondence to Jensen and the Department, the OOR invited both parties to supplement the record and directed the Department to notify any third parties of their ability to participate in the appeal. *See* Section 1101(c) of the RTKL, 65 P.S. § 67.1101(c). On March 6, 2023, the Department submitted a position statement in response to the appeal stating that it sent a copy to

---

[2] The Department had exercised a 30-day extension to respond as authorized by Section 902(b) of the RTKL, 65 P.S. § 67.902(b).

2

Jensen by regular mail; however, Jensen denies receiving the position statement.[3] *See* C.R. Item 4, OOR Ex. 4, at 5. The Department summarized, based on Jensen's assertions in his appeal, that the Department conducted a good faith search and consulted with relevant Department personnel to confirm that the Department was not in possession, custody, or control of any records responsive to the Request. The Department also submitted the attestation of its Open Records Officer Andrew Filkosky (Filkosky) (Filkosky Attestation).[4] The Filkosky Attestation stated, in relevant part:

> 5. In response to [] Jensen's [] Request, this office contacted the Director of the Department's Bureau of Administration which is responsible for all departmental budget and fiscal matters.
>
> 6. That official explained that neither she nor officials within her office understand what records [] Jensen is referring to and seeking access to and therefore they cannot conduct a search for responsive records.
>
> 7. As such, this office issued a Final Response to [] Jensen, dated January 24, 2023, indicating that his [] Request lacked sufficient specificity in order to enable the Department to conduct a good faith search. . . .
>
> 8. Instead of submitting a follow-up Request sufficiently describing the records to which he seeks access, I am aware that [] Jensen has initiated an RTKL [a]ppeal to the [OOR] challenging the Department's denial of his

---

[3] In support of this contention, Jensen attached to his Petition for Review (Petition) to this Court a copy of his incoming mail log from the Department (Mail Log), which purportedly lists all incoming mail Jensen received between February 1, 2023, and March 21, 2023. The March 21, 2023 entry identifies the Department as a document's sender. On the Mail Log Jensen attached to his Petition, Jensen circled that entry and wrote: "This mailing was not it[.]" Petition, Ex. E at 1. The Mail Log also reflects Jensen's receipt of mail from the "Commonwealth of Pennsylvania" on the same date. The Certified Record contains no further information regarding the nature of the incoming mail.

[4] The Filkosky Attestation was made subject to the penalties under Section 4904 of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsifications to authorities.

3

requested access, and arguing that his Request was sufficiently specific.

9. On [a]ppeal, [] Jensen repeatedly refers to and describes the records sought as being from one account, the "custodial account" containing the combined resources of the Department for all prison inmates. . . .

10. In response to [] Jensen's RTKL [a]ppeal filing, I shared another discussion with the Director of the Department's Bureau of Administration where I extended [] Jensen's assertions on [a]ppeal.

11. In response, the Director explained to me that [] Jensen is basing his [] Request on a flawed premise; there is no one "custodial account" containing the combined resources of the Department for all of its inmates, and therefore the entries for December 2021 for that account that does not exist likewise do not exist.

12. Therefore, after conducting a good faith search in response to [] Jensen's [] Request as described above, I can state here that the Department does not possess any responsive records.

C.R. Item 4 at 6-7. The OOR's docket does not reflect that Jensen sought to supplement the record or otherwise respond to the OOR's February 23, 2023 correspondence.

On March 17, 2023, the OOR issued its Final Determination denying Jensen's appeal, reasoning:

In the absence of any evidence that the Department has acted in bad faith or that responsive records do, in fact, exist, "the averments in the [Filkosky Attestation] should be accepted as true." *McGowan v. Pa. Dep't of Env*[']*t Prot.*, 103 A.3d 374, 382-83 (Pa. [Cmwlth.] 2014) (citing *Off. of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. [Cmwlth.] 2013)).

Here, the Filkosky Attestation explains how the Department undertook a search of its records in sufficient detail. Specifically, in response to the Request and on appeal, [Filkosky] explains how he consulted more than

4

once with the Director of the Department's Bureau of Administration, which is responsible for all departmental budget and fiscal matters. Filkosky Attestation ¶¶ 5, 10. Further, the Filkosky Attestation sufficiently explains that there is no one "custodial account" containing the combined resources of the Department for all its inmates, and therefore, the entries for December 2021 that [Jensen] seeks does [sic] not exist. Filkosky Attestation ¶¶ 11-12.

The OOR recognizes that the Department cannot provide access to a record that does not exist in its possession. Accordingly, the Department's submissions are sufficient to prove that it conducted a good faith search and that there are no records responsive to the Request in the Department's possession, custody, or control.

C.R. Item 5, OOR Ex. 5, at 6. In a footnote, the OOR observed: "Despite [Jensen's] arguments, the OOR makes no determination as to whether records should exist, only that the Department does not possess responsive records." *Id*. n.3. With respect to Jensen's allegations of bad faith, the OOR concluded:

[T]he evidence shows that the Department assessed and processed the Request and issued its final response to [Jensen]. Further, on appeal, the Department proved that it conducted a good faith search by consulting relevant Department personnel to confirm that it does not have responsive records in its possession, custody or control. Accordingly, the OOR declines to find that the Department acted in bad faith.

*Id*. at 7. Jensen appealed to this Court.[5]

Initially, the RTKL mandates:

[A] "Commonwealth agency [(i.e., the Department)] shall provide public records in accordance with [the RTKL]." [Section 301 of the RTKL,] 65 P.S. § 67.301. A record "in the possession of [a] Commonwealth agency . . . shall be presumed to be a public record" unless it is exempt

---

[5] "[This Court's] standard of review of a final determination issued by the OOR is *de novo* and our scope of review is plenary." *Pa. Tpk. Comm'n v. Elec. Transaction Consultants Corp.*, 230 A.3d 548, 556 n.3 (Pa. Cmwlth. 2020).

under Section 708 [of the RTKL, 65 P.S. § 67.708], [as] privileged, or exempt from disclosure under other federal or state law or judicial order. [*See* Sections 305(a) and 701 of the RTKL, 65 P.S.] §§ 67.305(a), 67.701. At the initial request stage, an agency is required to assess the public status of requested records, and, if applicable, specify reasons for denying access with "citation of supporting legal authority." [Section 903 of the RTKL, 65 P.S.] § 67.903.

*McKelvey v. Pa. Dep't of Health*, 255 A.3d 385, 400 (Pa. 2021).

Jensen first argues that the OOR erred and denied Jensen due process by relying on the Department's response and affidavit without affording Jensen an opportunity to respond. However, the OOR's February 23, 2023 correspondence afforded Jensen the opportunity to participate, and he did not submit evidence or argument in response thereto. Importantly,

"**[n]either the RTKL nor the courts have extended a** right to discovery or **a right to due process to a requesting party in a[n] RTKL action**." *Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 519 (Pa. Cmwlth. 2011). Section 1309 of the RTKL, 65 P.S. § 67.1309, provides that "[t]he provisions of [the Administrative Agency Law] (relating to administrative law and procedure) shall not apply to [the RTKL] unless specifically adopted by regulation or policy." Thus, "the provisions of the Administrative Agency Law[, 2 Pa.C.S. §§ 501-508, 701-704,] requiring an evidentiary hearing do not apply." *Sherry*, 20 A.3d at 519 . . . .

*City of Harrisburg v. Prince*, 288 A.3d 559, 578 (Pa. Cmwlth. 2023) (emphasis added).

The process due in this statutory scheme is notice and an opportunity to present evidence to the fact-finder. *Wishnefsky v. [Pa.] Dep't of Corr.*, 144 A.3d 290 (Pa. Cmwlth. 2016). A requester has no right to cross-examine those who may oppose access to the requested records. *Sherry*. Further, it is well[ ]established that [the] OOR is not required to hold a hearing, as a decision to hold a

> hearing is a matter of discretion. Section 1102(a) of the
> RTKL, 65 P.S. § 67.1102(a)[.]

*UnitedHealthcare of Pa., Inc. v. Baron*, 171 A.3d 943, 952 (Pa. Cmwlth. 2017). "Generally, **a requester's due process rights are not violated when [the] OOR does not allow a requester to** challenge or **respond to submissions** of direct interest participants." *Id*. (emphasis added); *see also Nguyen Vu v. Pa. Bd. of Prob. & Parole*, 200 A.3d 627 (Pa. Cmwlth. 2018). Thus, even if Jensen's assertion that he did not receive the Department's position statement and the Filkosky Attestation is true, the OOR did not deny Jensen due process because Jensen did not have a due process right to respond thereto. Accordingly, Jensen's argument that the OOR erred by relying on the Department's response and affidavit, and denied him due process by denying Jensen an opportunity to respond is meritless.

Jensen next asserts that the OOR erred by crediting and relying on the Department's conclusory and generalized affidavit and failing to inquire who in the Commonwealth would have responsive records. However, this Court has explained that "[a]n agency may meet its burden [of proving a good faith search] through an unsworn attestation or a sworn affidavit." *Glob. Tel*Link Corp. v. Wright*, 147 A.3d 978, 980 (Pa. Cmwlth. 2016) (quoting *W. Chester Univ. of Pa. v. Schackner*, 124 A.3d 382, 393 (Pa. Cmwlth. 2015)). "The affidavits [demonstrating an agency's good faith search] must be detailed, nonconclusory, and submitted in good faith. . . . Absent evidence of bad faith, the veracity of an agency's submissions explaining reasons for nondisclosure should not be questioned." *McGowan*, 103 A.3d at 381 (quoting *Scolforo*, 65 A.3d at 1103 (citation omitted)).

"As part of a good faith search, [an agency's] open records officer has a duty to advise all custodians of potentially responsive records about the request, and to obtain all potentially responsive records from those in possession." *Uniontown Newspapers, Inc. v. Pa. Dep't of Corr.*, 185 A.3d 1161, 1171-72 (Pa.

7

Cmwlth. 2018) (*Uniontown Newspapers I*), *aff'd*, 243 A.3d 19 (Pa. 2020) (*Uniontown Newspapers II*). In *Uniontown Newspapers II*, the Pennsylvania Supreme Court agreed that "[a] good faith response – either to produce records or assert an exemption – cannot occur absent a good faith search, followed by collection and review of responsive records, so an agency has actual knowledge about the contents of the relevant documents." *Id*. at 28-29 (quotation marks omitted). The *Uniontown Newspapers II* Court "reject[ed] [the Department's] contention [that] the open records officer fulfills his or her obligation simply by relying on the representations of others without inquiring as to what investigation was made and without reviewing the records upon which the individual responding to the request relied." *Id*. at 28.

In the instant matter, the OOR reviewed the Filkosky Attestation and concluded that it was sufficiently detailed and reflected the Department's good faith search for the records Jensen requested. In fact, the Filkosky Attestation clearly describes the efforts Filkosky took to determine whether the requested information exists and his basis for concluding that it does not exist. Specifically, Filkosky twice approached the Director of the Department's Bureau of Administration who confirmed that "there is no one 'custodial account' containing the combined resources of the Department for all of its inmates, and therefore the entries for December 2021 for that account that does not exist likewise do not exist." C.R. Item 4 at 7. This Court agrees that the Filkosky Attestation is sufficiently detailed to support the Department's denial. Thus, Jensen's argument fails.

Jensen also contends that the OOR erred by failing to find that the Department acted in bad faith, and denied the Request based on the Department's representations that it contacted a department that would not possess such records.

> In the RTKL context, "bad faith" does not require a showing of fraud or corruption. The lack of good faith

8

compliance with the RTKL and an abnegation of mandatory duties under its provisions rise to the level of bad faith. [*Off. Of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d 1119 (Pa. Cmwlth. 2017)] (affirming trial court's award of $500[.00] civil penalty for bad faith); *Chambersburg Area Sch. Dist. v. Dorsey*, 97 A.3d 1281 (Pa. Cmwlth. 2014) (agency failure to review responsive records was grounds from which fact-finder could discern bad faith); *Staub v. City of Wilkes-Barre* (Pa. Cmwlth. [No. 2140 C.D. 2012], filed [Oct. 3,] 2013) . . . (affirming attorney fee award for agency failure to confer with contractor before responding to request).[6]   The RTKL reserves bad faith determinations for disposition by Chapter 13 [c]ourts [(i.e., the Commonwealth Court and county common pleas courts)].

The RTKL requires an agency to make a good faith effort to find and obtain responsive records before denying access.  "[A]n agency [may not] avoid disclosing existing public records by claiming, <u>in the absence of a detailed search</u>, that it does not know where the documents are." *Pa. State Police v. McGill*, 83 A.3d 476, 481 (Pa. Cmwlth. 2014) (emphasis added).  Where an agency did not perform a search of its records under the RTKL until the matter was [i]n litigation, the agency denied access in willful disregard of the public's right to public records. *Parsons v. Pa. Higher Educ. Assist. Agency (PHEAA)*, 910 A.2d 177 (Pa. Cmwlth.) (en banc) . . . (agency failure to review records before a hearing on denial showed willful violation of former [RTKL]).

A requester bears the burden of proving an agency committed bad faith.  Evidence of bad faith is required.  After-discovered records are a type of evidence from which a court may discern bad faith.  Evidence of an agency's failure to perform its mandatory duties, including a failure to search its records prior to a denial of access, may suffice.

*Uniontown Newspapers I*, 185 A.3d at 1170-71 (citations and footnote omitted).

---

[6] Unreported decisions of this Court, while not binding, may be cited for their persuasive value.  Section 414(a) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 69.414(a).

With respect to Jensen's bad faith allegations, the OOR concluded:

> Here, the evidence shows that the Department assessed and processed the Request and issued its final response to [Jensen]. Further, on appeal, the Department proved that it conducted a good faith search by consulting relevant Department personnel to confirm that it does not have responsive records in its possession, custody or control.

C.R. Item 5 at 7. This Court agrees. The Filkosky Attestation is detailed and nonconclusory. There is no record evidence of bad faith. Absent such evidence, this Court cannot question the veracity of the Department's submissions explaining its reasons for nondisclosure. *See McGowan*. Thus, the OOR did not err by crediting and relying on the Filkosky Attestation, and Jensen's bad faith allegations are without merit.

Finally, Jensen argues in his brief that his Request was sufficiently specific.[7] However, Jensen did not raise that issue in his Statement of Questions

---

[7] This Court has explained:

> Where a requester seeks to gain access to information under the RTKL, Section 703 of the RTKL puts the initial burden on the requester to provide a written request that "should identify or describe the records sought **with sufficient specificity to enable the agency to ascertain which records are being requested** and shall include the name and address to which the agency should address its response." 65 P.S. § 67.703; *Mollick* [*v. Twp. of Worcester*], 32 A.3d [859,] 871 [(Pa. Cmwlth. 2011)]. In determining whether a request is sufficiently specific, an agency should rely on the common meaning of words and phrases, be mindful of the remedial purpose of the RTKL, and construe the specificity of the request in the context of the request, rather than envisioning everything the request might conceivably encompass. *P*[*a.*] *State Police v. Off*[.] *of Open Rec*[*s.*], 995 A.2d 515, 517 (Pa. Cmwlth. 2010). The fact that a request is burdensome will not, in and of itself, deem the request to be overbroad. *Dep*[*'t*] *of Env*[*'t*] *Prot*[.] *v. Legere*, 50 A.3d 260, 265 (Pa. Cmwlth. 2012).

*Bagwell*, 155 A.3d at 1142-43 (emphasis added).

Involved, and it is not fairly suggested thereby. Accordingly, Jensen waived that issue. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").[8]

---

"When considering a challenge to the specificity of a request under Section 703 of the RTKL, this Court employs a three-part balancing test[.]" *Pa. Dep't of Educ. v. Pittsburgh Post-Gazette*, 119 A.3d 1121, 1124 (Pa. Cmwlth. 2015). The test examines "the extent to which the request sets forth[:] (1) the subject matter of the request; (2) the scope of the documents sought; and (3) the timeframe for which records are sought." *Id*. "The subject matter of the request must identify 'the transaction or activity' of the agency for which the record is sought[]" and "should provide a context to narrow the search." *Id*. at 1125 (quoting Section 102 of the RTKL, 65 P.S. § 67.102). In terms of scope, the request "must identify 'a discrete group of documents, either by type . . . or by recipient.'" [*Pittsburgh Post-Gazette*, 119 A.3d at 1125] (quoting *Carey v. [Pa.] Dep't of Corr.*, 61 A.3d 367, 372 (Pa. Cmwlth. 2013)). Lastly, "[t]he timeframe of the request should identify a finite period of time for which records are sought." *Pittsburgh Post-Gazette*, 119 A.3d at 1126; *see also . . . Bagwell*, 155 A.3d [at] 1145 . . . (A request is sufficiently specific where it enumerates a "clearly[-]defined universe of documents."); *Askew v. Pa. Off[.] of the Governor*, 65 A.3d 989, 992 (Pa. Cmwlth. 2013) (A request lacks specificity where "it is open-ended in terms of a timeframe[ and] overly broad in the scope of documents sought[.]").

*Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 179 (Pa. Cmwlth. 2019) (footnote omitted). A requester's request lacks specificity where "it necessitates traditional legal research and analysis, not only to ascertain that which is being requested, but also to determine whether a particular law and/or document possesses the legal significance necessary to make it responsive to the request." *Askew*, 65 A.3d at 994. Further, this Court has explained that an RTKL request is insufficiently specific where it requires an agency to review files and make judgments regarding "the *relation* of the documents to the specific request." *Legere*, 50 A.3d at 264; *see also Dep't of Corr. v. St. Hilaire*, 128 A.3d 859 (Pa. Cmwlth. 2015).

[8] Notwithstanding, if this Court were to consider this issue, the matter is moot. According to the Filkosky Attestation, in a subsequent conversation with the Director of the Department's Bureau of Administration, the Director determined that the confusion surrounding Jensen's Request arose from the fact that Jensen sought a document that does not exist. Thus, even assuming that Jensen's Request was sufficiently specific, based on the record, there is simply no such responsive document the Department can produce.

11

For all of the above reasons, the OOR's Final Determination is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philip Jensen,                          :
             Petitioner          :
                                    :
         v.                                   :
                                    :
Pennsylvania Department of              :
Corrections (Office of Open Records),   :   No. 317 C.D. 2023
               Respondent          :

## O R D E R

AND NOW, this 5th day of March, 2024, the Office of Open Records'
March 17, 2023 Final Determination is affirmed.


_____
ANNE E. COVEY, Judge